# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# C.A. No.: 1:24-cv-258

Todd G. Scovill,

Plaintiff,

vs.

Unum Life Insurance Company of America,

Defendant.

## COMPLAINT

### Preliminary Statement

Plaintiff brings this action under the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1132(a)(1)(B) to seek entitlement and payment of long-term disability (STD) benefits under a long-term disability plan fully insured by Defendant.

### Parties

1. Plaintiff is a citizen and resident of Shelby, North Carolina which is in Cleveland County.

2. Defendant is an insurance company organized and existing pursuant to one of the states in the United States and which does business and owns property in Cleveland County.

### Jurisdiction and Venue

3. In this matter, Plaintiff seeks long-term disability benefits under an ERISA plan pursuant to 29 U.S.C. § 1132(a)(1)(B). This Court has jurisdiction to hear this matter based upon a federal question. Defendant is subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)).

4. Venue in the Western District of North Carolina is appropriate by virtue of Plaintiff's residence and Defendant's presence and doing business in this District.

**Factual Allegations**

5. Until December 7, 2022, Plaintiff was employed with GreenHeck Fan Corporation. As an employee of GreenHeck Fan Corporation Plaintiff was provided with short term disability coverage via a plan which was fully insured by Defendant.

6. Plaintiff became disabled because of certain problems from which he suffered. Plaintiff was forced to cease working, and he filed a claim for long-term disability benefits.

7. Defendant denied Plaintiff's claim. Plaintiff appealed the denial and fully exhausted administrative remedies, but Defendant has failed and refused to provide additional benefits.

8. Defendant made its claim decision while operating under a conflict of interest which significantly influenced the Defendant to deny Plaintiff's claim. The Defendant's decision was not based upon substantial evidence or the result of a principled and reasoned decision-making process. Instead, the Defendant's decision was reached by Defendant ignoring relevant evidence pertaining to Plaintiff's claim and, instead, relying upon biased information and flawed expert opinions. Accordingly, Defendant operated under a conflict of interest which improperly and significantly influenced its claim decision.

**For a First Cause of Action**
**For Benefits Pursuant to 29 U.S.C. § 1132(a)(1)(B)**

9. Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

10. Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and any other evidence relevant to any factors discussed by *Champion v.*

*Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the long-term disability benefits which he seeks under the terms of the plan.  In the event that the court reviews the record and/or other relevant information and determines that the Defendant abused its discretion or that its decision is not supported by the record, but that the substance of the record might not support Plaintiff's entitlement to benefits then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claims for a "full and fair" review by the appropriate claim fiduciary Defendant.  Should the court award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award him attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated his complaint against the Defendant, Plaintiff prays for:

1. A declaration of entitlement to the long-term disability benefits he seeks pursuant to 29 U.S.C. §1132(a)(1)(B);

3. Attorney's fees and costs pursuant to 29 U.S.C. §1132(g); and

4. Such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/ M. Leila Louzri_____
M. Leila Louzri, Esq.
North Bar #: 48743
**FOSTER LAW FIRM, LLC**
25 Mills Avenue
Greenville, South Carolina 29605
(864) 242-6200
(864) 233-0290 (facsimile)

E-mail: llouzri@fosterfoster.com

Date: October 17, 2024          Attorneys for Plaintiff